OPINION
Defendant-appellant Thomas Jones appeals from his conviction and sentence, following a no-contest plea, for Gross Sexual Imposition. Jones contends that the trial court erred by accepting his plea and finding him guilty, because the record fails to reflect an explanation of circumstances upon which the trial court could predicate a finding of guilt.
We conclude that R.C. 2937.07, upon which Jones relies, by its express terms applies only in misdemeanor cases. Accordingly, we find Jones's assignment of error not to be well-taken, and the judgment of the trial court is Affirmed.
 I
Originally, Jones was indicted, jointly, with two other persons, for Corruption of a Minor, a felony of the fourth degree. Subsequently, Jones consented to be charged by information with one count of Gross Sexual Imposition, a felony of the fourth degree, and the pending indictment for Corruption of a Minor was dismissed. On the same day, Jones entered a plea of no contest to Gross Sexual Imposition. A judgment of conviction was entered, and he was sentenced accordingly.
From his conviction and sentence, Jones appeals.
 II
Jones's sole assignment of error is as follows:
 THE TRIAL COURT PREJUDICIALLY ERRED IN ACCEPTING A PLEA OF NO CONTEST TO THE INFORMATION FOR GROSS SEXUAL IMPOSITION AND ENTERING ITS FINDING OF GUILTY BASED UPON THE NO CONTEST PLEA WHERE THE RECORD BELOW FAILS TO DISCLOSE AND IS TOTALLY DEVOID OF THE PROSECUTOR'S EXPLANATION OF CIRCUMSTANCES AND/OR FACTUAL STATEMENT NECESSARY TO ESTABLISH ALL OF THE ELEMENTS OF THE CHARGED OFFENSE.
Jones relies upon the second paragraph of R.C. 2937.07, which provides as follows:
 If the plea be "no contest" or words of similar import in pleading to a misdemeanor, it shall constitute a stipulation that the judge or magistrate may make finding of guilty or not guilty from the explanation of circumstances, and if guilt be found, impose or continue for sentence accordingly. * * *.
Jones contends that there was no explanation of circumstances from which the trial court could predicate a finding of guilt, and, indeed, there is nothing in the record to reflect an explanation of circumstances.
The State replies that Jones's reliance upon R.C. 2937.07 is misplaced, because, by its express terms, that statute applies only in misdemeanor cases. The State argues that all of the cases cited by Jones standing for the proposition that there must be a sufficient explanation of circumstances upon which the trial court can predicate a finding of guilt involve misdemeanor offenses. We have reviewed these cases, and we agree with the State.
When R.C. 2937.07 was enacted, in 1960, there was no provision for a plea of no contest in a felony case. R.C. 2937.06(A)(1), also enacted in 1960, provided that in felony cases, only a plea of not guilty or a written plea of guilty could be received. In fact, R.C. 2937.06(A)(1) is still part of the Ohio Revised Code today, but it has apparently been superseded by Crim.R. 11(A), which provides for a plea of no contest in any criminal case. Jones does not purport to rely upon R.C. 2937.06(A)(1) for an argument that his no contest plea was improper, which would necessarily require an argument that the statutory provision establishes a substantive right (curiously, a "right" not to be allowed to plead no contest) that preempts the contrary provision in Crim.R. 11(A).
Nor does Jones argue that the provision in R.C. 2937.07 pertaining to no-contest pleas, which, by its express terms, applies in misdemeanor cases, should nevertheless be construed to apply in all cases, in view of the fact that, at the time of its enactment, misdemeanor cases were the only cases in which a plea of no contest could be had.
In short, Jones has not rebutted the State's argument that R.C. 2937.07, upon which he relies, applies only in misdemeanor cases. Because Jones pled no contest to a felony, his sole assignment of error is without merit, and it is overruled.
 III
Jones's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.
 _________ FAIN, J.
WOLFF, P.J., and GRADY, J., concur.